Statement.

# Richmond.

## POPE v. PRINCE'S ADMINISTRATOR AND OTHERS.

### March 15, 1906.

### Absent, Cardwell, J.

1. FIDUCIARY DEBTS—*Commissioner—Guardian de Facto—Constructive Trustees—Case in Judgment.*—Where two commissioners are appointed to sell the lands of an infant and collect the proceeds, with power in either to act, and only one of them gives the bond and acts under the decree, and he, without authority, pays a part of such proceeds to the other and takes his bond therefor, and pays the residue upon debts due by the other, who is the statutory guardian of the infant, upon the death of such other, the amount of such payments cannot be set up as a debt due by him as commissioner nor as guardian *de jure*, or *de facto*. He never acted or received the fund as commissioner, and the money being the proceeds of the sale of an infant's land could not, under Code, sec. 2622, have been lawfully paid to him as guardian, and, as he had no right to receive the fund as guardian *de jure*, he cannot be held liable as guardian *de facto*. He became, upon receipt of the money, a constructive or *de facto* trustee for the infant, but, upon his death, the claim for the fund is not a preferred debt under sec. 2660 of the Code, as the statute does not contemplate a preference in favor of debts of constructive trustees. The debt is not a mere personal claim of the commissioner who made the wrongful payment, but should be audited in favor of the infant.

Appeal from a decree in chancery of the Circuit Court of Southampton county. Decree in favor of defendants. Complainant appeals.

*Modified and affirmed.*

The opinion states the case.

VOL. CV—27

*James H. Corbitt* and *J. U. Burgess,* for the appellant.

*J. C. Parker* and *E. E. Holland,* for the appellees.

Harrison, J., delivered the opinion of the court.

This is a general creditors' bill, brought for the purpose of convening the creditors and settling up the estate of J. B. Prince, deceased.

The sole question presented by the record involves the right of appellant to have audited in his favor the sum of $6,383.93, claimed to be due the decedent in a fiduciary capacity, as a preferred debt of the fourth class under section 2660 of the Code. It is insisted that the decedent held this sum, either as commissioner of the court or as guardian of the appellant.

We are of opinion that the fund was not, as contended, in the hands of the deceased, in his lifetime, as commissioner of the court. It appears that in a suit brought to sell the lands of appellant, who was at the time an infant, J. B. Prince and J. L. McLemore were appointed commissioners to sell such real estate, with power in either to act; that J. L. McLemore alone gave bond and acted as commissioner of sale under this decree, selling the land and reporting his sale to the court, which was confirmed. The decree ratifying the sale directed McLemore alone to collect the purchase money and make deeds to the purchasers. This was done, McLemore settling his accounts before the court, showing a balance in his hands of $9,321.75 to the credit of the cause. No decree was made authorizing or directing the distribution of this fund to anyone, but McLemore, without authority and in violation of his trust, turned over at different times a large part of the fund to J. B. Prince, who was his law partner, taking in one instance the bond of Prince

therefor, and in other instances paying debts of Prince out of the fund without taking any evidence of such payments. It is clear that these moneys did not go into the hands of Prince as commissioner of the court, and that he cannot be held liable as such.

We are further of opinion that this fund did not go into the hands of Prince either as guardian *de jure* or guardian *de facto.* It appears that J. B. Prince was in his lifetime the statutory guardian of appellant, but as such he had no right to receive funds arising from the sale of his ward's real estate. The court itself would have had no authority to order the proceeds of the sale of these lands to be paid to the statutory guardian of the infant. It could have only had it paid, for the purposes of investment, into the hands of some person, who may or may not have been the guardian, upon special bond being given for the care of the same, as prescribed by section 2622 of the Code. J. B. Prince having no right to receive this fund as guardian *de jure,* cannot be held liable for it as guardian *de facto.*

It follows from these conclusions that the claim in question is not entitled to preference under the statute, but that it belongs to the class with other general creditors.

The Circuit Court held that the debt constituted a mere personal claim of J. L. McLemore, commissioner, against the estate of J. B. Prince, deceased. This we think was error. The fund was certainly not in the hands of J. B. Prince as an express trustee, but we are of opinion, upon well settled principles, that to the extent the funds belonging to appellant were traced to his hands, Prince will be treated as a constructive or *de facto* trustee, holding the same for the benefit of appellant. This fact does not, however, advance the claim from the general class of creditors, as the statute does not contemplate a preference in

favor of constructive trustees. *Brown* v. *Lambert,* 33 Gratt. 256.

It being conceded that the estate of Prince is insolvent, and that its assets will not pay the preferred debts, it is a matter of no practical importance whether the claim in question is audited in favor of McLemore, commissioner, or of the appellant. We will, however, modify the decree appealed from so as to hold the estate of J. B. Prince liable to appellant, as constructive trustee, for this claim; and thus modified the decree must be affirmed.

*Modified and affirmed.*